IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00217-FDW

| | |
|---|---|
| MICHAEL ATTILIO MANGARELLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHIEGE O. OKWARA, ) | **ORDER** |
| *doing business as* ) | |
| Okwara Attorney at Law, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on an initial review of the pro se complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

I.     BACKGROUND

Plaintiff is a federal prisoner confined in the Elkton Federal Correctional Institution in Lisbon, Ohio, following his conviction by a jury in this District on September 18, 2008, on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and multiple counts of wire fraud and aiding and abetting the same, all in violation of 18 U.S.C. §§ 1343 and 2. (3:06-cr-00151-FDW-DCK-3, Docket Entry (DE) #342: Jury Verdict; DE # 571: Amended Judgment).[1] Petitioner's judgment was affirmed in all respects on appeal. United States v. Mangarella, 489 F. App'x 648 (4th Cir. 2012).

On or about October 1, 2013, Petitioner filed a pro se § 2255 motion to vacate his sentence in which he raised numerous claims of ineffective assistance of counsel. After

---

[1] Plaintiff's original judgment was entered on October 1, 2009. (Id., DE # 471). The Fourth Circuit remanded Petitioner's case for a resentencing hearing whereupon Petitioner was sentenced to a 360-month term of imprisonment. United States v. Mangarella, No. 09-4947 (4th Cir. July 23, 2010).

1

considering the § 2255 motion and the Government's response, the Court found that Plaintiff had failed to present any meritorious grounds for relief and the motion was dismissed with prejudice. See Mangarella v. United States, No. 3:13-cv-00555 (W.D.N.C. Apr. 22, 2014), appeal dismissed, United State v. Mangarella, No. 14-7445 (4th Cir. Dec. 23, 2014), cert. denied, 136 S. Ct. 859 (Jan. 11, 2016), petition for rhr'g denied, 136 S. Ct. 1511 (Mar. 28, 2016).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

In this civil proceeding, Plaintiff raises claims that his court-appointed counsel, Defendant Okwara, who served as his trial and appellate counsel, was both negligent and guilty of committing legal malpractice while representing him. (3:16-cv-00217, DE # 1: Compl. ¶ 14). As a result of Okwara's alleged actions, or omissions, Plaintiff contends that he suffered

2

increased punishment, and that Plaintiff was bilked out of unused fees. (Id. ¶¶ 19-20). Plaintiff exclaims that if Okwara had "not acted and erred in the manner described [Plaintiff] could have timely pled guilty or avoided use of extradition breaching increased charges but [Okwara] wanted to get money and run the fees up for the Gov't and conceal extradition agreement breach caused when the Government added more time and charges." (Id. ¶ 22).

The Court notes that Plaintiff was declared indigent during his criminal proceeding in this District and appointed three different attorneys that were qualified to represent federal defendants pursuant to the Civil Justice Act: Richard Thompson (3:16-cr-00151, DE # 259; Richard A. Culler, id. at 271; and Chiege Okwara, id. at 275). Okwara was appointed on July 9, 2008, after the first two attorneys were relieved as counsel, and she continued to represent Plaintiff during trial; during his resentencing hearing on May 11, 2011; and on appeal. On July 20, 2012, the Fourth Circuit affirmed Plaintiff's judgment and his petition for rehearing en banc was denied as untimely and Okwara was relieved from further responsibility. United States v. Mangarella, No. 11-4613 (4th Cir. Aug. 6, 2012).

Petitioner's claim for collateral relief pursuant to 28 U.S.C. § 2255, based on claims of ineffective assistance of counsel was denied and dismissed by this Court on April 22, 2014. In his pro se complaint, Plaintiff again contends that his Sixth Amendment right to effective assistance of counsel was violated by Okwara, and he argues that his complaint was filed "well within the statute of limitations . . ." (3:16-cv-00217, Compl. ¶ 1). Plaintiff's complaint will be dismissed for four reasons.

First, although Plaintiff complains that Okwara overbilled the Government for court-appointed fees, this is of no moment to Plaintiff because his amended judgment did not require him to reimburse the United States for counsel fees and he has no standing to contest Okwara's

3

fees, as the fees were approved by this Court and the Fourth Circuit.

Second, Plaintiff contends that the complaint is filed pursuant to 42 U.S.C. § 1983; however, Okwara, as court-appointed counsel, does not qualify as a state actor for purposes of a civil rights suit under Section 1983. See West v. Atkins, 487 U.S. 42, 48-49 (1988) (internal citations omitted) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Plaintiff's dissatisfaction with Okwara's representation does not qualify him as a state actor under § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-121 (1981) (finding that privately retained or publicly appointed lawyers do not become a state actor under § 1983 by virtue of their representation).

Third, to the extent Plaintiff alleges legal malpractice before this Court or on appeal, Plaintiff had an opportunity to present such claims, however meritless, in his § 2255 proceeding.[2]

Finally, it is well-settled under the principles announced by the Supreme Court in Heck v. Humphrey that a plaintiff cannot receive damages or equitable relief for an allegedly unconstitutional conviction or imprisonment without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Thus, the Court must consider whether a judgment in Plaintiff's favor would necessarily imply the invalidity of his convictions. If it would, then the Court must dismiss the complaint unless Plaintiff can demonstrate that one or more of the

---

[2] In the event Plaintiff is attempting to bring a state law claim for legal malpractice in a diversity action pursuant to 28 U.S.C. § 1332, such claims would clearly be barred by the statute of limitation under North Carolina law. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); Owens v. Baltimore City State's Attys. Office, 767 F.3d 379, 388 (4th Cir. 2014). Under North Carolina law, a claim for legal malpractice is three years. N.C. Gen. Stat. § 1-15(c). Plaintiff did not file a petition for a writ for certiorari after the Fourth Circuit affirmed his judgment in July 2012; therefore his complaint, which was filed at the earliest on April 26, 2016, is plainly filed out-of-time.

convictions have been set aside or vacated. Heck, 512 U.S. at 487. Plaintiff, who is residing in the Federal Bureau of Prisons, and who has exhausted his appellate challenges to his judgment, has failed to make the required showing.

IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has not demonstrated that he is entitled any relief in this proceeding and his complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Application to Proceed without Prepayment of Fees is **GRANTED** for purposes of this initial review. (DE #2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**. (DE #1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: May 19, 2016

Frank D. Whitney
Chief United States District Judge

5