IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00217-FDW

| | |
|---|---|
| MICHAEL ATTILIO MANGARELLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHIEGE O. OKWARA, ) | **ORDER** |
| *doing business as* ) | |
| Okwara Attorney at Law, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's "Motion for Rehearing & Review of Clerical Docketing Error & Decisions Amendment 28 USC 2072(b) and FRCP 77(d)." (Doc. No. 6).

On May 2, 2016, the Clerk docketed a complaint filed pro se by Plaintiff pursuant 42 U.S.C. § 1983, in which he challenged the actions of his court-appointed counsel during the course of her representation during his federal, criminal proceedings in this District. (Doc. No. 1). On May 19, 2016, the Court dismissed Plaintiff's complaint on initial review pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief.[1] (3:16-cv-00217, Doc. No. 4: Order). Despite the exotic wording of Plaintiff's instant motion for relief, the Court finds it is nothing more than a motion to alter or amend the order dismissing his complaint. Fed. R. Civ. P. 59(e).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening

---
[1] The findings and conclusions from this order are incorporated fully herein.

1

change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. What Plaintiff has simply done is renew his initial arguments and express disagreement with the order dismissing his complaint. That is the purpose and service of appeal. In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 6).

Signed: December 5, 2016

Frank D. Whitney
Chief United States District Judge